**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CATHALENE S. GATTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-00858 |
| v. | ) | |
| | ) | Judge Joy Flowers Conti |
| VERIZON PENNSYLVANIA INC., | ) | |
| | ) | **ELECTRONICALLY FILED** |
| Defendant. | ) | |

**DEFENDANT VERIZON PENNSYLVANIA INC.'S**
**OPPOSITION TO HUGH McGOUGH'S MOTION TO QUASH SUBPOENA**

In connection with Defendant Verizon Pennsylvania Inc.'s pending motion to enforce a settlement agreement and at the Court's suggestion, Hugh McGough was subpoenaed to provide testimony pertinent to two factual disputes, namely, whether Plaintiff Cathalene S. Gatto was informed at the October 8, 2008 mediation that any settlement would include:  (1) a general release of all claims, including pending labor grievances; and (2) an agreement not to reapply for employment with Verizon.

McGough has filed a Motion to Quash the subpoena on two bases:  the Pennsylvania mediation privilege and undue burden.  The motion to quash should be denied for several reasons.  First, the Pennsylvania mediation privilege – as interpreted by the Pennsylvania courts – does not bar McGough's testimony because there is an explicit exception for proceedings (such as the case at hand) to enforce settlement agreements.  Second, and even if the privilege applied (which it does not), it has been expressly waived by the parties.  Finally, McGough has demonstrated no undue burden.  For all of the foregoing reasons, the motion to quash should be denied.

## I.  PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

The parties to this employment lawsuit mediated the case before McGough on October 8, 2008.  At the end of the mediation, an offer was "on the table" to Gatto.  Despite Gatto's rejection of that offer, the parties continued to negotiate about the settlement amount.  After confirming in writing the terms of a settlement reached on October 20, 2008, Verizon's counsel was informed by Gatto's counsel that Gatto was refusing to honor the settlement.  A motion to enforce settlement followed.

Over three days of hearing, the Court heard testimony from Gatto, Christine Zorn-Pregel (Verizon's representative at the mediation), Gatto's former counsel and Verizon's counsel. Gatto has testified that the settlement agreement should not be enforced because she allegedly did not know:  (1) the settlement would include a release of all claims, including pending labor grievances; and (2) the settlement would not include a provision for reinstatement.  Ms. Zorn-Pregel, Gatto's former counsel, and Verizon's counsel all testified consistently that **at the mediation** it was made expressly clear that any settlement would include a general release of all claims, including labor grievances, and that any settlement would include an agreement by Gatto not to reapply for employment with Verizon.

Following the above testimony, the Honorable Judge Joy Flowers Conti made the following comment:

> **I think it's unfortunate that the mediator was not here to testify about what transpired**.

*Transcript of Proceedings ("Tr."), Day II, February 11, 2009, at 68.*  In response to concerns raised by Verizon's counsel over potentially calling the mediator to testify, the Court again suggested that the subpoena be issued:

> I mean, this is part of the risk when all the parties are not together at the same time, you know.  When a proposal is being put forth, you know, that the, that the matter of federal practice, you know, doesn't mean that it can't happen otherwise, or that there couldn't have been an enforceable agreement in this case.
>
> But when you have a citation of what the final offer is, not to have some review with the parties, make sure nobody has any questions, everybody understands what it is, you know, ***and if [Mr. McGough] did that, that would be important for the Court to know.***

*Tr. II at 71 (emphasis added).*

As a result of the Court's comments that McGough's testimony would be relevant to the determination of the pending issues, Verizon subpoenaed McGough.  The instant motion to quash followed.

## II.  ARGUMENT[1]

### A.    The Pennsylvania Mediation Privilege Does Not Bar McGough's Testimony; It Explicitly Permits It.

McGough argues that both federal and state privilege law bar his testimony and require that Verizon's subpoena be quashed.  He is mistaken on both counts.

First, federal privilege law is inapplicable to the pending motion.  Federal Rule of Evidence 501 provides:

---

[1]    In addition to the substantive grounds for denying the pending Motion to Quash, the brief in support of that motion should also be stricken because it violates the Court's Rules. Specifically, Paragraph 9(e) of the Rules for Pretrial and Trial Matters of the Honorable Joy Flowers Conti states:  "Briefs in support of and opposing all other motions [*e.g.,* briefs other than those in support of discovery motions, motions *in limine* and motions for summary judgment] shall be limited to 15 pages."  Despite this limitation, McGough's Brief is 19 pages long.  Accordingly, and as a preliminary matter, Verizon respectfully submits that McGough's brief should be stricken.

> [T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.  However, *in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.*

*F.R.E. 501 (emphasis added).*  The pending motion to enforce a settlement agreement is controlled by state law.  *See, e.g., Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77 (3d Cir. 1982) ("settlement agreement is a contract and subject to the rules of contract interpretation" under state law).  Accordingly, Federal Rule of Evidence 501 requires that any privilege in this case be determined "in accordance with state law."  *Id.*

Second, Pennsylvania state law – which does apply – permits McGough's testimony in this hearing where the issue concerns the terms of the settlement.  While 42 Pa. C.S.A. § 5949 provides generally that mediation communications are inadmissible, there are exceptions, including the one presented by this case.  Indeed, as the court in *Executive Risk Indem., Inc. v. Cigna Corp.*, 2004 No. 1495, 2006 WL 2439733, at *9 (C.P. Phila. Cty. Aug. 18, 2006) explained:

> By its language, the mediation privilege in 42 Pa.C.S. § 5949 is one of the broadest privileges in Pennsylvania.  It absolutely protects not only results but all communications including any demands for settlement or offers in compromise from disclosure. *The only exceptions are for evidence necessary for litigation surrounding a settlement itself* and for criminal conduct during the mediation.

*Id.* (*quoting* Bernstein, 2006 Pa. Rules of Evidence, Comment 19 to Pa. R.E. 501 (Gann)) (emphasis added).[2]

The reason for the exception is clear:  the paramount purpose of the mediation privilege is to promote an atmosphere in which the mediation process can facilitate amicable resolutions of litigation.  Permitting McGough to provide testimony in this case is consistent with that purpose. Indeed, barring McGough's testimony would turn the mediation privilege on its head.  Rather than *facilitating* the resolution of litigation, the invocation of the mediation privilege in this case will have the effect of *stifling* the resolution of litigation.  Specifically, Zorn-Pregel, Gatto's former counsel and Verizon's counsel have testified that the parties expressly discussed at the mediation that any settlement would include a release of all claims and an agreement to not reapply; Gatto has disputed that.  As observed by the Court, McGough's testimony may very well provide the evidence necessary for this Court to enforce the settlement agreement. Accordingly, McGough's present invocation of the mediation privilege is opposed to the purpose for which the privilege exists.

In ruling on a motion to enforce a settlement agreement, the Court in *Aetna Inc. v. Lexington Ins. Co.*, 76 Pa. D. & C. 4th 19, 28-29 (C.P. Phila. Cty. 2005) noted:

> [the purpose of confidentiality] makes clear that evidence related to settlement negotiations is inadmissible in connection with the prosecution and trial of the underlying claim. ***However, this court was not asked to decide the issues related to the underlying case.  Instead, this Court was charged with interpreting the Settlement Agreement . . . . Having undertaken to utilize the judicial process to interpret the settlement and***

---

[2]    McGough cited this same provision on page 4 of his Brief.  He failed, however, to include the sentence indicating that an exception exists "for evidence necessary for litigation surrounding a settlement itself."

> ***to enforce it, the parties are no longer entitled to invoke the
> confidentiality ordinarily accorded to settlement agreements.***

(interpreting 42 Pa. C.S.A. § 5949, and noting that "even if this court were to consider

communications related to the mediation in order to ascertain the parties' intent with regard to

the settlement agreement, the purpose of [42 Pa. C.S.A. § 5949] would not be defeated").

In short, 42 Pa. C.S.A. § 5949 does not prohibit the disclosure of mediation

communications under the facts presented here and the Pennsylvania courts that have addressed

the issue support Judge Conti's statements that such testimony would be instructive and should

be admitted.

### B.      Even If The Mediation Privilege Applied (Which It Does Not), The Privilege Has Been Waived.[3]

Gatto, Zorn-Pregel, Gatto's former counsel, and Verizon's counsel have each testified

extensively over the course of three days of hearing about the settlement negotiations at the

October 8, 2008 mediation.  Indeed, Gatto alone provided nine pages of testimony as to her

version of what occurred at the mediation. *Tr. II at 44, 50-56, 66*.  Further, Gatto did not object

when Zorn-Pregel, Verizon's counsel and Gatto's former counsel testified at length about

communications during the mediation. *Tr. I at 14-17, 44-46, 54-55*.  Under these facts, there is

no question that any privilege has been waived. *Cf. Nationwide Mut. Ins. Co. v. Fleming*, 924

A.2d 1259, 1265 (Pa. Super. 2007) (defining waiver as a situation where the person holding the

privilege discloses protected communications to persons outside the protected relationship).

---

3       McGough's argument as to waiver refers and applies only to the federal mediation
        privilege, which, as detailed above, has no application in this case.  Verizon will address
        the waiver argument as it applies to 42 Pa. C.S.A. § 5949.

In his Brief, McGough repeatedly concedes that waiver of a mediation privilege by both Verizon and Gatto would obviate the need to quash Verizon's subpoena. *See, e.g., Brief in Support of Motion to Quash at 2* ("[the] subpoena must be quashed unless the court determines . . . that each party to the mediation has waived his, her or its individual right to preserve the confidentiality of such communications and documents"); *see also Brief in Support of Motion to Quash at 9* ("the documents and information sought from McGough . . . are privileged and inadmissible at least absent an exception or, perhaps, a waiver by each party to the mediation"); *10* ("McGough therefore submits that his Motion to Quash . . . must be granted . . . at least unless this Court determines that an exception applies, or perhaps, that each of the parties has waived the privilege"). In this case, the Court has already ruled that the attorney-client privilege has been waived. *Tr. II at 32-33* ("*The attorney-client privilege, the court would find, has been waived*"). In light of the extensive testimony by all parties about the mediation, the mediation privilege has likewise been waived for the limited purpose presently at issue before the Court.

In light of the Court's ruling that waiver has occurred and McGough's concession that waiver would defeat the pending motion to quash, the present motion should be denied.[4]

### C.    The Subpoena Poses No Undue Burden.

McGough's final argument is that the subpoena imposes an undue burden on him for three reasons: (1) McGough lacks any relevant information and Verizon has no need of his

---

[4]    McGough's citation to Section 6 of the Court's ADR Policies and Procedures fails for similar reasons. Although "[a] presumption of confidentiality shall apply to all ADR processes," those communications have already been discussed at length by all parties in this proceeding. In essence, McGough's present motion is not designed to preserve the confidentiality of the October 8, 2008 mediation because there is nothing left to preserve as to the two points at issue.

testimony; (2) obeying the subpoena will put McGough in an ethical conundrum; and (3) obeying the subpoena will place an undue burden on McGough's time and his legal practice.

McGough's first argument, *i.e.*, that "the testimony and documents requested have no relevance to the dispute" is mistaken.  Indeed, Judge Conti herself has already stated that McGough's testimony "**would be important for the Court to know.**" *Tr. II at 71.*  Gatto claims that she was not told at the October 8, 2008 mediation that any settlement would involve a release of all claims, including labor grievances, and an agreement not to reapply.  The second claim – that the settlement agreement would include an agreement not to reapply – is moot because it has been admitted by Gatto.  *Tr. II at 66* ("*When [McGough] came back to me, he did tell me that [Verizon] wouldn't go for reinstatement*").  As to the first claim – that the settlement agreement would involve a release of all claims, including grievances – Zorn-Pregel, Verizon's counsel and Gatto's former counsel have all testified that Gatto was so informed at the mediation.  Gatto has testified that she was not.  The Court has stated that the mediator's testimony in this regard would be helpful.  As such, McGough's testimony would be relevant.

Second, in light of the above, McGough's claim that he will be left with an ethical problem if he is required to testify is similar misplaced.  Although McGough points to the Model Standards of Conduct for Mediators published by the American Bar Association, which provide that a mediator "shall maintain the confidentiality of all information obtained by the mediator," the Standards contain an exception if such disclosure is "required by applicable law."  If the Court denies the Motion to Quash, then a valid subpoena would require the testimony.

Third, McGough claims that an undue burden will be placed on his time and his practice if he is compelled to testify.  Verizon acknowledges that McGough's time is valuable and regrets

that it was necessary to subpoena his testimony. However, Verizon – which entered into an enforceable settlement agreement with Gatto more than seven months ago – has been forced to:

- engage in extensive correspondence with Gatto's former counsel in an attempt to obtain execution of the settlement agreement;

- file a Motion to Enforce, a Brief in support of that Motion, and a Reply Brief in further support of that Motion;

- appear for three days of hearings (and a scheduled fourth day of hearing) regarding the Motion to Enforce; and

- respond to the instant Motion to Quash.

The time and expense that Verizon has been forced to spend to secure the enforcement of a valid settlement agreement is enormous and the entire process has been burdensome and arduous. In light of the above facts and law, Verizon respectfully submits that providing brief testimony on limited subject matter pursuant to a lawfully issued subpoena is not an undue burden, particularly where such testimony can assist in ending this process and facilitate the enforcement of the parties' settlement agreement.

### III. CONCLUSION

McGough's testimony in this case is not barred by any privilege under Pennsylvania state law and, to the extent that any privilege would operate to bar McGough's testimony, that privilege has been waived. Here, the Court itself has stated that McGough's testimony would be relevant, McGough's testimony may shed light on important and disputed issues, and there is no undue burden. Accordingly, Verizon respectfully requests that the present Motion to Quash be denied.

Respectfully submitted,

s/Andrew T. Quesnelle
Martha Hartle Munsch
PA18176
mmunsch@reedsmith.com
Catherine S. Ryan
PA78603
cryan@reedsmith.com
Andrew T. Quesnelle
PA203566
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
412-288-4118/4226/7250

Counsel for Defendant

Dated: May 21, 2009

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Motion to Strike and Brief in Opposition to Hugh McGough's Motion to quash Subpoena was served upon Plaintiff and Counsel for Hugh McGough on May 21, 2009 by the means indicated below:

Cathalene S. Gatto
205 W. Sheridan Avenue
New Castle, PA 16105
(by United States First Class Mail)

Laura A. Candris, Esq.
lac@muslaw.com
(via the Court's ECF system)

Mary Kate Coleman, Esq.
MKColeman@rhwrlaw.com
(via the Court's ECF system)

s/Andrew T. Quesnelle
Counsel for Defendant